BARRETT S. LITT (No. 45527)
E-mail: blitt@kmbllaw.com
MARILYN E. BEDNARSKI (No. 105322)
E-mail: mebednarski@kmbllaw.com
DAVID S. McLANE (No.124952)
E-mail: dmclane@kmbllp.com
CAITLIN S. WEISBERG (No. 262779)
E-mail: cweisberg@kmbllp.com
KAYE, McLANE & BEDNARSKI
234 E. Colorado Blvd. Suite 230
Pasadena CA 91101
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

Wendy J. Koen (No. 255759)
E-mail: wkoen.defender@gmail.com
Law Office of Wendy J. Koen
32818 Mira Street
Menifee, California 92584
Telephone: (858) 500-2300

Attorneys for Plaintiff WILLIAM J. RICHARDS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| WILLIAM J. RICHARDS,<br><br>    Plaintiff,<br>v.<br><br>COUNTY OF SAN BERNARDINO, MARK NOURSE, NORMAN PARENT, TOM BRADFORD, JOHN NAVARRO, DANIEL GREGONIS, NORMAN SPERBER, and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO. 17-cv-00497-SJO-SP<br><br>*Hon. S. James Otero*<br>*Hon. Magistrate Sheri Pym*<br><br>**JOINT STIPULATION FOR AND PROTECTIVE ORDER** |

1. **A. <u>PURPOSES AND LIMITATIONS</u>**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or settling this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The Parties understand and agree that this Stipulated Protective Order is intended to preclude any Receiving Party from disclosing Protected Material except as permitted under the terms of this Order. The Parties further understand and agree that Protected Material produced by Defendants pursuant to this Stipulated Protective Order has been so designated based on the position that such material implicates the official information privilege applicable to law enforcement records and that the public disclosure of such material would be detrimental.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**B. <u>GOOD CAUSE STATEMENT</u>**

Good cause exists for the Court to enter this pretrial protective order. *Cf. Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014).

This civil action alleges violations of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983 arising out of Plaintiff's conviction for a murder that he contends he

did not commit, and that was reversed by the California Supreme Court. This action is likely to involve documents which contain private and confidential information pertaining to Plaintiff, Defendants, and non-parties.

These documents include, but are not limited to the following records: Department ("SBSD") Murder Book for the Richards matter (DR #079303629); SBSD policies, logs, reports, and criminal investigation files; and the prosecutor's case files for *People v. Richards*, Case No. FVI00826.

Such documents contain personal information regarding Plaintiff, Defendants, and non-parties such as dates of birth, social security numbers, and criminal histories, which should not be in the public domain.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. **DEFINITIONS**

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). For information and items designated by Defendants as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," such materials

include or may include information that, if publicly disclosed, would be detrimental to the privacy rights and safety and security of parties, law enforcement officials, or third parties and therefore qualify for protection under Federal Rule of Civil Procedure 26(c), as specified above in the Good Cause Statement.

2.3 <u>Counsel of Record</u>: attorneys who are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

2.9 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.10 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium)

and their employees and subcontractors.

    2.11   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

    2.12   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

    2.13   <u>Sensitive Personal Information</u>: Social security numbers; taxpayer identification numbers; and financial account numbers.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial may be governed by a separate agreement or order. This Order does not govern the use of Protected Material at trial.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees

otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings): that the Producing Party affix the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial proceedings: that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items: that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. A Designating Party may timely correct an inadvertent failure to designate qualified information or items by providing notice of the erroneous non-designation to the Receiving Parties and producing duplicate copies of the Disclosure or Discovery Material with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Upon timely correction of a designation, Receiving Parties must make reasonable efforts to assure that the properly designated material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.*

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, they shall prepare and file a joint stipulation pursuant to Local Rule 37.1 *et seq.* The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this action only for purposes prosecuting, defending, or attempting to settle the above-captioned litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of Protected Material</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" only to:

(a) The Receiving Party's Counsel of Record and employees of Counsel of Record, including attorneys, support staff, legal assistants, paralegals, investigators and clerical staff who are engaged in assisting in this action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for prosecution or defense or settlement of this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court or shorthand reporters, deposition videographers, and their staff;

(f) during their depositions in this action, witnesses and their attorneys, provided: (1) the deposing party requests that the witness and his/her attorney sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) the witness and his/her attorney will not be permitted to keep any documents containing Protected Material unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. At the request of a Designating

1     Party, pages of transcribed deposition testimony or exhibits to depositions that
2     reveal Protected Material may be separately bound by the court reporter and
3     may not be disclosed to anyone except as permitted under this Stipulated
4     Protective Order.(g)  the author or recipient of a document containing the
5     information or a custodian or other person who otherwise possessed or knew
6     the information;
7         (h) any mediator or settlement officer, and their supporting personnel,
8     mutually agreed upon by any of the parties engaged in settlement discussions.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," that Party must:

    (a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    (b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or

encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

12. **MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to move for modification of this Order in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to

disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. A Receiving Party wishing to file Protected Material with the Court must either obtain written permission from the Designating Party or comply with Local Rule 79-5 and the Court's Guide to Electronically Filing Under-Seal Documents in Civil Cases. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4 <u>Redaction of Personal Information</u>. The Designating Party is permitted to redact Sensitive Personal Information from the Protected Material produced under this protective order. If a Receiving Party disagrees with any redaction, it shall challenge the redaction using the procedure identified in paragraph 6 of this order (CHALLENGING CONFIDENTIALITY DESIGNATIONS).

12.5 <u>Compliance and Penalties</u>. The undersigned agree to comply with and to be bound by all the terms of this Stipulated Protective Order and understand and acknowledge that failure to so comply could expose the undersigned to sanctions and punishment in the nature of contempt.

**13. FINAL DISPOSITION**

Upon final disposition of this action, as defined in paragraph 4, each Receiving Party shall recover all copies of Protected Material produced by the Designating Party that were provided to persons identified in Paragraph 7.2, subsections (a) through (c). Upon request by a Designating Party made after the final disposition of the action, a Receiving Party shall return all Protected Material to the Designating Party or destroy such material and shall, within 60 days of the request, submit to the Designating Party a written certification that (1) identifies (by

category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding the foregoing, Counsel of Record of Receiving Parties are entitled to retain an archival copy of all pleadings, motion papers, discovery pleadings and productions, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully submitted,

KAYE, McLANE, BEDNARSKI & LITT, LLP

DATED: Sept. 15, 2017        By:  */ s / Caitlin S. Weisberg*
                                  Barrett S. Litt
                                  Marilyn E. Bednarski
                                  David McLane
                                  Caitlin S. Weisberg
                                  Attorneys for Plaintiff


LAW OFFICES OF WENDY KOEN

DATED: Sept. 15, 2017        By:  */ s / Wendy Koen*
                                  Wendy Koen
                                  Attorney for Plaintiff

|     |                          |                                       |
| --- | ------------------------ | ------------------------------------- |
|     |                          | BURKE, WILLIAMS & SORENSEN, LLP       |
|     | DATED: Sept. 15, 2017    | By:  */s / Kristina D. Gruenberg*     |
|     |                          | Susan E. Coleman                      |
|     |                          | Kristina Doan Gruenberg               |
|     |                          | Attorneys for Defendants              |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: November 1, 2017  _____

                              Honorable Sheri Pym

                              United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Richards v. County of San Bernardino et al.*, Case No. 17-CV-00497-SJO-SP (C.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____