**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM J. RICHARDS, | No.   19-56205 |
| Plaintiff-Appellant, | |
| v. | D.C. No.<br>5:17-cv-00497-SJO-SP |
| COUNTY OF SAN BERNARDINO; MARK NOURSE; NORMAN PARENT; TOM BRADFORD; JOHN NAVARRO; DANIEL GREGONIS; NORMAN SPERBER; DOES, 1 through 20, inclusive, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| SAN BERNARDINO COUNTY DISTRICT ATTORNEY OFFICE; SAN BERNARDINO COUNTY SHERIFFS OFFICE; RAMOS MICHAEL; MICHAEL RISLEY; CRAIG OGINO, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted February 7, 2022

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before:  LIPEZ,[**] TALLMAN, and LEE, Circuit Judges.

Plaintiff-Appellant William Richards brings this action pursuant to 42 U.S.C. § 1983 against Defendants-Appellees—various sheriff's officers and the County of San Bernardino—alleging Defendants violated his federal constitutional rights when they investigated and prosecuted him for the 1993 murder of his wife, Pamela.  The district court granted summary judgment for Defendants, concluding that Richards could not establish a genuine issue of material fact as to whether his constitutional rights had been violated.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm as to the dismissal of the claims discussed herein.[1]

I

Richards argues that his due process and Fourth Amendment rights were violated by the deliberate fabrication of evidence against him.  We address this claim against each Defendant in turn.

1.      Richards cannot establish a § 1983 claim for deliberate fabrication of

---

[**]      The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

[1]      We explain separately, in a contemporaneously filed published opinion, the district court's error in granting summary judgment on Richards's claim against Daniel Gregonis for deliberate fabrication of blue fiber evidence, and his municipal liability claims against the County.

evidence against Criminalist Daniel Gregonis as a result of his inculpatory forensic bloodspatter analysis.  Even if there were several flaws with Gregonis's experimental design, they were properly vetted before the jury at Richards's criminal trial by the testimony of competing experts.  Moreover, the evidence Richards offers to challenge Gregonis's bloodspatter opinion is a vague and largely conclusory expert report that fails to create a genuine issue of fact as to whether this evidence was fabricated, a "notable bar."  *Black v. Montgomery Cnty.*, 835 F.3d 358, 372 (3d Cir. 2016).  Richards therefore cannot show, without more, that Gregonis deliberately falsified his bloodspatter analysis or that his investigative techniques "were so coercive and abusive that [he] knew or should have known that those techniques would yield false information."  *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).

2.     Richards cannot establish a § 1983 claim for deliberate fabrication of evidence against Dr. Norman Sperber.  While Sperber's expert bitemark opinion was later found to be false, "testimony that is incorrect or simply disputed should not be treated as fabricated merely because it turns out to have been wrong."  *Halsey v. Pfeiffer*, 750 F.3d 273, 295 (3d Cir. 2014).  Sperber did not conclude with any reasonable degree of certainty that Richards created the bitemark and readily admitted in his expert report and testimony that the photograph was distorted, limiting his ability to make an accurate comparison.  Because Sperber

intentionally gave a limited opinion based on the photograph's distortion, Richards cannot show that this evidence was fabricated.  *See Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) ("Mere carelessness is insufficient, as are mistakes of tone." (simplified)).  Any other basis for a claim against Sperber arises solely from Sperber's trial testimony, and Sperber is "absolutely immune from liability for testimony at trial."  *Lisker v. City of L.A.*, 780 F.3d 1237, 1241 (9th Cir. 2015).

3.      Richards cannot establish a § 1983 claim for deliberate fabrication of evidence against Deputy Mark Nourse.  In regard to the fact that Nourse fabricated his qualifications and experience, that fabrication, although reprehensible, only occurred during his trial testimony, and "[w]itnesses, including police officers, are absolutely immune from liability for testimony at trial."  *Id*.  Turning to the statements in Nourse's police report about his observations of Pamela's body, Nourse was not an expert and, as the district court properly recognized, these statements were "matters of opinion . . . that he could make as a lay officer with no medical training."  Even if Nourse's observations were inaccurate, "not all inaccuracies in an investigative report give rise to a constitutional claim."  *Spencer*, 857 F.3d at 798.

4.      Richards cannot establish a § 1983 claim for deliberate fabrication of evidence against Homicide Detective John Navarro.  Although Navarro stated in his declaration that when he attempted to replicate Richards's drive home from

work on the night of the murder he drove faster than the speed limit and stopped

driving at the bottom of the hill, Navarro also declared that he traveled "consistent

with the flow of traffic along the route," and stopped at the bottom of the hill

because that was the beginning of Richards's driveway to the residence.  Richards

cannot show, without more, that Navarro deliberately falsified the results of the

test or that the test was so "coercive and abusive" that Navarro knew or should

have known it would yield false information.  *Devereaux*, 263 F.3d at 1076.

6.    The district court also granted summary judgment for Homicide

Detectives Tom Bradford and Norman Parent on claims of deliberate fabrication.

But Richards does not distinctly address these claims in his opening brief and,

therefore, these claims have been waived on appeal.  *See Avila v. L.A. Police

Dep't*, 758 F.3d 1096, 1101 (9th Cir. 2014) ("Arguments 'not raised clearly and

distinctly in the opening brief' are waived." (quoting *McKay v. Ingleson*, 558 F.3d

888, 891 n.5 (9th Cir. 2009)); *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th

Cir. 1997) (deeming "argument [that] was not coherently developed" abandoned).

II

Richards argues that Homicide Detectives Parent, Bradford, and Navarro,

along with Deputy Nourse and Criminalist Gregonis, "investigated the murder in a

way that was so pervasively and recklessly deficient that it violated Plaintiff's due

process right to a fair trial."  But a claim for "reckless" investigation is not

cognizable under § 1983.  *See Devereaux*, 263 F.3d at 1075 ("[T]here is no constitutional due process right to have . . . [an] investigation carried out in a particular way."); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved.").

To the extent Richards's argument here intends to raise a claim for failure to collect or preserve evidence, that claim also fails.  A failure to collect or preserve evidence "does not violate the Due Process Clause unless the officer acted in bad faith."  *Cunningham v. City of Wenatchee*, 345 F.3d 802, 812 (9th Cir. 2003).  Here, Richards cannot show bad faith.  While Richards does point to numerous pieces of evidence that Defendants failed to collect or preserve, he does not argue Defendants had actual "knowledge of the exculpatory value of the evidence at the time it was lost or destroyed."  *Arizona v. Youngblood*, 488 U.S. 51, 56 n.* (1988).  Failing to follow guidelines or to carry out an investigation in a manner that will ensure an error-free result is one thing; failing to collect or preserve evidence in bad faith is quite another.  *See Cunningham*, 345 F.3d at 812 (emphasizing "while [defendant's] investigative work may have been negligent or incomplete, it was not conducted in bad faith").

III

Richards argues various Defendants violated his constitutional rights by suppressing and failing to disclose material evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).  We address this claim against each Defendant in turn.

1.      Richards cannot establish a *Brady* claim against Deputy Nourse. First, while Richards may dispute Nourse's observations of Pamela's body, Richards points to no facts raising a triable issue as to whether Nourse's statements were false.  Richards therefore cannot show that this evidence was exculpatory or material.  *Cf. Downs v. Hoyt*, 232 F.3d 1031, 1037 (9th Cir. 2000) (holding that undisclosed evidence of several leads was not material because the defendant's theory of how they might have helped his case was speculative).  Turning to Nourse's qualifications, Nourse was a lay witness and did not need advanced medical training to testify to his observations of Pamela's body.  *See* Cal. Evid. Code §§ 702, 800.  Nourse's lack of military EMT experience was therefore not necessarily impeaching.  It was not until Nourse lied about his military EMT experience on the stand that this information obtained impeachment value. Richards's *Brady* claim therefore arises exclusively from Nourse's perjured testimony.  But § 1983 does not create a damages remedy against police officers

7

for their testimony as witnesses.  *See Briscoe v. LaHue*, 460 U.S. 325, 345–46 (1983).  Nourse therefore is absolutely immune from liability for this claim.

     2.    Richards argued below that Detectives Parent, Bradford, and Navarro suppressed exculpatory evidence by not calling the coroner sooner to assess time-of-death and by failing to preserve the crime scene.  But Richards simply speculates as to what evidence an earlier coroner's investigation or protected crime scene would have yielded.  Therefore, Richards cannot show this evidence was exculpatory or material.  *See Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

     3.    Richards does not adequately develop any other *Brady* claims in his opening brief before this Court.  Any additional *Brady* claims against Defendants have therefore been waived on appeal.  *See Avila*, 758 F.3d at 1101; *Kimble*, 107 F.3d at 715 n.2.

     **AFFIRMED as to these claims.  Each party shall bear its own costs.**