| | |
|---|---|
| MARILYN E. BEDNARSKI (No. 105322)<br>E-mail: mbednarski@mbllegal.com<br>DAVID S. McLANE (No.124952)<br>E-mail: dmclane@mbllegal.com<br>BEN SHAW (No. 319194)<br>E-mail: bshaw@mbllegal.com<br>McLANE, BEDNARSKI & LITT, LLP<br>975 East Green Street<br>Pasadena CA 91106<br>Telephone: (626) 844-7660<br>Facsimile: (626) 844-7670 | Wendy J. Koen (No. 255759)<br>E-mail: wkoen.defender@gmail.com<br>Law Office of Wendy J. Koen<br>31044 West Main Street<br>Sedro-Woolley, WA 98284<br>Telephone: (858) 500-2300 |

Attorneys for Plaintiff WILLIAM J. RICHARDS

[Counsel continued on next page]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| WILLIAM J. RICHARDS,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF SAN BERNARDINO, et al.,<br><br>        Defendants. | CASE NO. 17-cv-00497-HDV-SP<br><br>[Honorable Hernán D. Vera]<br><br>**PLAINTIFF'S DISPUTED JURY INSTRUCTIONS**<br><br>PTC Date:    June 17, 2025<br>Time:           10:00 a.m.<br><br>Trial Date:   June 24, 2025<br>Time:           9:00 a.m. |

1 | Plaintiff hereby submits the his disputed jury instructions. All of the
2 | instructions submitted herein are based on the Manual of Model Civil Jury
3 | Instructions for the Ninth Circuit, 2017 Edition, Last Updated March 2025.

## TABLE OF CONTENTS

| Instruction Number | Title | Source | Page |
|---|---|---|---|
| 14 | Instructions for Civil Rights Actions under 42 U.S.C. § 1983 | 9th. Cir. 9.1 | 3 |
| 16 | Particular Rights—Fourteenth Amendment—Due Process—Deliberate Fabrication of Evidence | 9th. Cir. 9.33 | 4 |
| 17 | Claim Against Local Governing Body Defendants Based on Official Policy, Practice or Custom—Elements and Burden of Proof | 9th. Cir. 9.5 | 5 |
| 18 | Particular Rights—Fourteenth Amendment—Due Process—Deliberate or Reckless Suppression of Evidence | 9th. Cir. 9.33A | 7 |
| 19 | Section 1983 Claim Against Local Governing Body Defendants Based on Policy of Failure to Train—Elements and Burden of Proof / Section 1983 Claim Against Local Governing Body Defendants Based on Official Policy, Practice or Custom—Elements and Burden of Proof | 9th. Cir. 9.8/9.5 | 8 |
| 20 | Particular Rights—Fourteenth Amendment—Due Process—Deliberate or Reckless Suppression of Evidence | 9th. Cir. 9.33A | 12 |

**COURT INSTRUCTION NO. 14**

The plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

In this case, the plaintiff alleges that defendants County of San Bernardino violated his Constitutional rights by suppressing favorable evidence through its practice of not permitting a deputy coroner to conduct a prompt examination of a victim's body to collect time of death information, and by failing to have a *Brady* policy of providing criminalist bench notes, and that Defendant Daniel Gregonis violated his Constitutional rights by deliberately fabricating evidence against him.

The Constitution requires the government to disclose exculpatory information, called *Brady* material, in its possession to the prosecutor and the defense. This obligation extends to law enforcement officers and other government actors involved in the prosecution of the case. The individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf. The evidence that must be disclosed includes any information favorable to the accused, or which may go against the credibility of an unfavorable witness, or otherwise allow a jury to infer against the defendant's guilt. The constitutional duty of the prosecutor to disclose this information exists regardless of whether it is requested. The duty is violated regardless of whether that information is withheld intentionally or unintentionally.

Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 Edition, 9th. Cir. 9.1

**COURT INSTRUCTION NO. 16**

As previously explained, the plaintiff has the burden of proving that the acts of the defendant deprived the plaintiff of particular rights under the United States Constitution. The Fourteenth Amendment protects against being subjected to criminal charges on the basis of false evidence that was deliberately fabricated. In this case, the plaintiff alleges the defendant deprived him of his rights under the Fourteenth Amendment to the Constitution when he planted the fiber..

For the plaintiff to prevail on his claim of deliberate fabrication of evidence, the plaintiff must prove the following elements by a preponderance of the evidence:

The defendant deliberately fabricated evidence that was used to convict the plaintiff.]

Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 Edition, 9th. Cir. 9.33

## COURT INSTRUCTION NO. 17

In order to prevail on plaintiff William Richards's § 1983 claim against defendant County of San Bernardino alleging liability based on an official policy, practice, or custom, i.e., its practice of not permitting a deputy coroner to promptly examine the victim's body to collect time of death evidence deprived him of his rights, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. The County of San Bernardino acted under color of state law;

2. the acts of The County of San Bernardino] deprived plaintiff William Richards] of particular rights under the United States Constitution as explained in later instructions;

3. The County of San Bernardino acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the defendant County of San Bernardino; and

4. defendant [County of San Bernardino]'s official policy or widespread or longstanding practice or custom caused the deprivation of plaintiff [William Richards]'s rights by the [County of San Bernardino]; that is, the [County of San Bernardino]'s official policy or widespread or longstanding practice or custom is so closely related to the deprivation of plaintiff [William Richards]'s rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.  The parties have stipulated that [the County of San Bernardino] acted under color of state law.

5

1     "Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of defendant [County of San Bernardino].

    If you find that plaintiff [William Richards] has proved each of these elements, and if you find that plaintiff [William Richards] has proved all the elements plaintiff [William Richards] is required to prove under Instruction[s] [9.33A], your verdict should be for plaintiff [William Richards]. If, on the other hand, you find that plaintiff [William Richards] has failed to prove any one or more of these elements, your verdict should be for defendant [County of San Bernardino].

Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 Edition, 9th. Cir. 9.5

**COURT INSTRUCTION NO. 18**

As previously explained, the plaintiff has the burden of proving that the acts of the defendant deprived the plaintiff of particular rights under the United States Constitution. The Fourteenth Amendment protects against a person being subjected to a criminal trial when favorable evidence has been deliberately or recklessly withheld from the prosecutor. In this case, the plaintiff alleges the defendant deprived him of his rights under the Fourteenth Amendment to the Constitution when [it did not permit a deputy coroner to conduct a prompt examination of a murder victim's body to collect time of death evidence].

For the plaintiff to prevail on his claim of deliberate or reckless suppression of evidence, the plaintiff must prove the following elements by a preponderance of the evidence:

First, the defendant suppressed evidence that was favorable to the accused from the prosecutor and the defense;

Second, the suppression harmed the accused; and

Third, the defendant acted with deliberate indifference to an accused's rights or for the truth in suppressing the evidence.

"Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions.

Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 Edition, 9th. Cir. 9.33A

**COURT INSTRUCTION NO. 19**

In order to prevail on plaintiff William Richards's § 1983 claim against defendant County of San Bernardino alleging liability based on a policy hat fails to prevent violations of law by its employees, plaintiff [William Richards] must prove each of the following elements by a preponderance of the evidence:

First, the failure to act of County of San Bernardino] deprived plaintiff [William Richards] of his particular rights under the United States Constitution as explained in later instructions;

Second, [County of San Bernardino] *employees* acted under color of state law;

Third, the  policies of defendant [County of San Bernardino] were not adequate to prevent violations of law by its employees;

Fourth, defendant [County of San Bernardino] was deliberately indifferent to the substantial risk that its policies were inadequate to prevent violations of law by its employees; and

Fifth, the failure of defendant County of San Bernardino] to prevent violations of law by its employees caused the deprivation of plaintiff [William Richards]'s rights by [County of San Bernardino*'s employee[s]*; that is, defendant [County of San Bernardino]'s failure to prevent violations of law by its employees played a substantial part in bringing about or actually causing the injury or damage to plaintiff [William Richards].

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that [County of San Bernardino *employees* acted under color of state law.

A policy of inaction or omission may be based on a failure to implement procedural safeguards to prevent constitutional violations.  To establish that there is a policy based on a failure to preserve constitutional rights, plaintiff William Richards must

1 show, in addition to a constitutional violation, that this policy amounts to deliberate
2 indifference to plaintiff [William Richards]'s constitutional rights, and that the
3 policy caused the violation, in the sense that the municipality could have prevented
4 the violation with an appropriate policy.

5      "Deliberate indifference" is the conscious choice to disregard a known or
6 obvious consequences of one's acts or omissions.  Plaintiff [William Richards] may
7 prove deliberate indifference in this case by showing that the facts available to
8 defendant County of San Bernardino] put it on actual or constructive notice that its
9 failure to implement adequate policies was substantially certain to result in the
10 violation of the constitutional rights of persons such as plaintiff [William
11 Richards] due to employees's conduct.

12      If you find that plaintiff [William Richards] has proved each of these
13 elements, and if you find that plaintiff [William Richards] has proved all the
14 elements plaintiff [William Richards] is required to prove under Instruction[s]
15 [9.33A, your verdict should be for plaintiff [William Richards].  If, on the other
16 hand, plaintiff William Richards has failed to prove any one or more of these
17 elements, your verdict should be for defendant [County of San Bernardino].

18
19 or, in the alternative, Plaintiff must prove each of the following elements by a
20 preponderance of the evidence:
21
22      In order to prevail on plaintiff William Richards's § 1983 claim against
23 defendant County of San Bernardino  alleging liability based on an official policy,
24 practice, or custom, i.e., failing to provide criminalist bench notes to the prosecutor
25 and defense absent a special request, the plaintiff must prove each of the following
26 elements by a preponderance of the evidence:
27
28 1.     The County of San Bernardino acted under color of state law;

2. the acts of <u>The</u> County of San Bernardino] deprived plaintiff William Richards of particular rights under the United States Constitution as explained in later instructions;

3. The County of San Bernardino] acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the defendant County of San Bernardino; and

4. defendant [County of San Bernardino]'s official policy or widespread or longstanding practice or custom caused the deprivation of plaintiff William Richards's rights by the County of San Bernardino]; that is, the County of San Bernardino's official policy or widespread or longstanding practice or custom is so closely related to the deprivation of plaintiff William Richards's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that [<u>the</u> County of San Bernardino] acted under color of state law.

"Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of defendant County of San Bernardino.

If you find that plaintiff William Richards has proved each of these elements, and if you find that plaintiff William Richards has proved all the elements plaintiff William Richards is required to prove under Instruction[s] [9.33A, your verdict should be for plaintiff William Richards. If, on the other hand, you find that plaintiff William Richards has failed to prove any one or more of these elements, your verdict should be for defendant County of San Bernardino].

Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 Edition, 9th. Cir. 9.8/9.5

# COURT INSTRUCTION NO. 20

As previously explained, the plaintiff has the burden of proving that the acts of the defendant deprived the plaintiff of particular rights under the United States Constitution. The Fourteenth Amendment protects against a person being subjected to a criminal trial when favorable evidence has been deliberately or recklessly withheld from the prosecutor. In this case, the plaintiff alleges the defendant deprived him of his rights under the Fourteenth Amendment to the Constitution when [failed to provide criminalist bench notes to the prosecutor and defense absent a special request ].

For the plaintiff to prevail on his claim of deliberate or reckless suppression of evidence, the plaintiff must prove the following elements by a preponderance of the evidence:

First, the defendant suppressed evidence that was favorable to the accused from the prosecutor and the defense;

Second, the suppression harmed the accused; and

Third, the defendant acted with deliberate indifference to an accused's rights or for the truth in suppressing the evidence.

"Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions.

.

Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 Edition, 9th. Cir. 9.33A